### GREEN v. WILBRAHAM.

(Circuit Court of Appeals, Third Circuit. November 6, 1911.)

No. 19 (1,487).

MONEY RECEIVED (§ 18*)—ACTION—SUFFICIENCY OF EVIDENCE.

An action founded solely on a common count for money had and received *held* not sustainable on the evidence.

[Ed. Note.—For other cases, see Money Received, Dec. Dig. § 18.*]

In Error to the Circuit Court of the United States for the District of New Jersey.

Action at law by Thomas W. Green against Thomas C. Wilbraham. Judgment of nonsuit, and plaintiff brings error. Affirmed.

See, also, 190 Fed. 274.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Peirce Mecutchen, for plaintiff in error.

Walter H. Bacon (William D. Lippincott, on the brief), for defendant in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. This action is founded solely on a common count in the declaration for money had and received by the defendant for the use of the plaintiff. Originally the declaration contained, besides the common count referred to, a special count on an express contract, which was stricken out as irregular and defective under the practice authorized in New Jersey. No error has been assigned on that action of the trial court. Consequently the case comes before us, as stated, on the common count only. The writ of error brings up for review a judgment of nonsuit.

We find no error. The common count relied on charges nothing but a mere failure by the defendant to pay money to the plaintiff. Had there been proof that money belonging to the plaintiff had passed into the hands of the defendant, it might possibly have been sufficient to support an implied undertaking on the part of the defendant to pay the same to the plaintiff. But no such proof was made or offered. The express contract on which the special count was based was offered in evidence, but it does not support an implied contract to pay money to the plaintiff. It is a contract fixing, inter alia, the salary to be paid to plaintiff and defendant by a third party. There is nothing in the evidence offered inconsistent with the theory that that third party (a corporation) still has in its possession what the plaintiff now claims from the defendant. These were the views expressed by the Circuit Court when considering the motion to strike out the special count, and we deem them sound and equally pertinent to the present situation of the case.

The judgment is therefore affirmed.